UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEVON J ROSS,

      Plaintiff,

v.                                                                      Case No. 4:19cv83-MW-HTC

JAMES FEAD,
CAPTAIN WILSON,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte.*  Plaintiff Devon J. Ross, a prisoner

proceeding *pro se* and *in forma pauperis*, filed a second amended civil rights

complaint under 42 U.S.C. § 1983.  ECF Doc. 12.  He asserts that correctional

officers violated his Eighth and Fourteenth Amendment rights and violated Florida

Department of Corrections policy and procedures by using chemical agents against

him without justification.  *Id.* at 7.  The undersigned has screened the complaint

pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that

this case be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for

Plaintiff's failure to state a claim on which relief may be granted.

## I.    Background

Plaintiff sues two correctional officers, Fead and Wilson, in their individual capacities under 42 U.S.C. § 1983.  ECF Doc. 12 at 7.  He alleges that on November 26, 2017, he was incarcerated at the correctional institution at which Fead and Wilson were correctional officers.[1]  *Id.* at 5.  On that date, a correctional officer named Sergeant Stalnaker, who is not a defendant in this suit, attempted to place another inmate into the cell with Plaintiff, who is under protective management and disciplinary status.  *Id.*  The other inmate was not under the same status.  *Id.*  Plaintiff informed Sergeant Stalnaker of this, and warned, "I'll be placed into a potentially dangerous situation….I don't want to get into trouble if a violent event occured [sic] between myself and the other inmate."  *Id.*  Sergeant Stalnaker ignored Plaintiff's warning and, accompanied by Defendant Fead, directed Plaintiff to submit to hand restraints.  *Id.*  Plaintiff complied with the hand restraints and, while Plaintiff's cell was searched by Defendant Fead, Sergeant Stalnaker led Plaintiff to the shower to be searched.  *Id.*  While being searched, Plaintiff declared a psychological emergency but was denied.  *Id.*  Upon being returned to the cell, Plaintiff declared another psychological emergency, but Defendant Wilson did not bring Plaintiff to

---

[1] In his second amended complaint, Plaintiff fails to allege at which facility the incident in question occurred.  *See* ECF Doc. 12 at 5-6.  He merely alleges that the Defendants are employed at "F.D.O.C." (*Id.* at 2) and that Plaintiff is currently incarcerated at Taylor Correctional Institution Annex.  *Id.* at 1.  In his original complaint, however, he alleges that the incident occurred while he was incarcerated at Jefferson Correctional Institution.  ECF Doc. 1 at 4.

anyone for counseling.  Instead, Defendant Wilson instructed Sergeant Stalnaker to open the food flap of the cell so that Defendant Fead could apply chemical agents in the cell.  *Id.*  Plaintiff alleges that Defendants Fead and Wilson thus "effected a bogus reason to apply/use chemical on me, even though I posed no risk to anyone and wasn't destroying any property."  *Id.*

> Plaintiff described the effects of the use of chemical agents as follows:
>
> I was blinded temporarily, [and] my blood pressure went up.  I experienced burning sensations for 4 days and had an anxiety attack feeling like I was going to die due to difficulties breathing.  Also suffered [sic] mental anguish due to the fact I declared Psychological Emergency but instead of following policy and procedures and having me evaluated my mental health [sic] the Defendants sprayed chemical agents in a sadistically and maliciously manner [sic] to inflict pain to the Plaintiff.

*Id.* at 5-6.

Plaintiff initiated the instant suit by submitting a "Complaint for Violation of Civil Rights" to the Taylor C.I. mail room on February 11, 2019.  ECF Doc. 1. Magistrate Judge Kahn ordered Plaintiff to amend his motion to proceed *in forma pauperis* and his complaint so that each was filed on the correct forms for the Northern District of Florida (ECF Doc. 4).  Plaintiff did both and was granted *in forma pauperis* status on April 19, 2019.  ECF Doc. 10.  The Court then reviewed his amended complaint under 28 U.S.C. §§ 1915A and 1915(e)(2), informed Plaintiff that his amended complaint was deficient in three areas and directed Plaintiff to file a second amended complaint or a notice of voluntary dismissal.  ECF

Doc. 11.  In that order, the Court warned Plaintiff that his amended complaint (1)

failed to state a basis for official capacity liability against Fead and Wilson; (2) failed

to state a basis for granting a temporary restraining order; and (3) failed to satisfy 42

U.S.C. § 1997e(e)'s requirement that a prisoner plaintiff allege more than a *de*

*minimis* physical injury when seeking compensatory or punitive damages.

Plaintiff filed a second amended complaint on May 15, 2019.  ECF Doc. 12.

Although Plaintiff now sues Defendants in only their individual capacities and no

longer seeks injunctive relief (thus remedying two of his deficiencies), his second

amended complaint continues to fail to state a claim upon which relief can be

granted.  In his second amended complaint, Plaintiff seeks only compensatory and

punitive damages.  ECF Doc. 12 at 7.  Plaintiff, however, has failed to allege facts

sufficient to show that he suffered any physical injury which would warrant the

recovery of such damages.

## II.   Analysis

### A.   28 U.S.C. 1915 Prescreening Standard

Because Plaintiff is a prisoner, the Court is required to review his complaint,

identify cognizable claims and dismiss the complaint, or any portion thereof, if the

complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may

be granted; or (2) seeks monetary relief from a defendant who is immune from such

relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the

same standard to *in forma pauperis* proceedings).  Dismissals for failure to state a

claim are governed by the same standard as Federal Rule of Civil Procedure

12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The Court

accepts all well-pleaded factual allegations of the complaint as true and evaluates all

reasonable inferences derived from those facts in the light most favorable to the

plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) );

*Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must

follow the Supreme Court's " 'two-pronged approach' of first separating out the

complaint's conclusory legal allegations and then determining whether the remaining

well-pleaded factual allegations, accepted as true, 'plausibly give rise to an

entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

> **B.**     **Plaintiff's Claims Do Not Meet the Physical Injury Requirement from 42 U.S.C. § 1997e(e) for Seeking Compensatory or Punitive Damages**

According to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil

action may be brought by a prisoner confined in a jail, prison, or other correctional

facility, for mental or emotional injury suffered while in custody without a prior

showing of physical injury."  42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil

action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by Plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition, and Plaintiff alleges he was a prisoner at the time he filed this action and that the alleged harm occurred while he was in custody. ECF Doc. 12 at 5. Thus, the restriction in § 1997e(e) applies to this case.

Regarding the level of physical injury required, the Eleventh Circuit instructs that "[under § 1997e(e)] and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than *de minimis*) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (citing *Al–Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011). In the context of claims of excessive force arising from the use of chemical agents, the courts in this circuit have focused on the duration and severity of the after-effects to determine whether a plaintiff has alleged a physical injury. Where the alleged injury is only short term, the courts have held that the exposure to chemical agent is not more than *de minimis* under § 1997e(e). *See e.g., Kornagay v. Burt*, No. 3:09 CV 281 LAC/EMT, 2011 WL 839496, at *21 (N.D. Fla. Feb. 8, 2011), *report and recommendation adopted*, No. 3:09CV281 LAC/EMT, 2011 WL 855619 (N.D. Fla. Mar. 9, 2011) (Plaintiff failed to satisfy § 1997e(e) despite alleging that "during the five-day period after [guards] sprayed him with chemical

agent, he suffered burning lungs and skin, congested breathing, tearing eyes, nasal discharge, dizziness, the sensation of respiratory distress, choking, and burns to his scalp.); *Thompson v. Quinn*, No. 3:11CV533/RV/EMT, 2013 WL 2151715, at *6 (N.D. Fla. May 16, 2013) (Plaintiff failed to satisfy § 1997e(e) although alleging "a burning sensation over his body as a result of being sprayed with chemical agent … [and that] he additionally suffered emotional distress"); *Magwood v. Tucker*, No. 3:12cv140/RV/CJK, 2012 WL 5944686, at *5 (N.D. Fla. Nov. 14, 2012) (unpublished) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent, where he alleged he suffered bloody nose and bloody phlegm, and therefore could not recover compensatory or punitive damages), *Report and Recommendation adopted*, 2012 WL 5944657 (N.D. Fla. Nov.28, 2012); and *Robinson v. Tifft*, No. 3:11cv560/LAC/CJK, 2012 WL 2675467, at *2 (N.D. Fla. June 1, 2012) (unpublished) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent, for purposes of § 1997e(e), where he alleged he suffered "involuntary closing and burning sensation" in his eyes and was temporarily blinded), *Report and Recommendation adopted*, 2012 WL 2675469 (N.D. Fla. July 6, 2012).  Thus, to establish a physical injury, the effects of the use of chemical agents must be of a more permanent, severe or lasting nature.  *See e.g., Watson v. Edelen*, 76 F. Supp. 3d 1332, 1379 (N.D. Fla. 2015) (Plaintiff's allegations "edge his physical injuries over the line of legally

insignificant" and showed more than *de minimis* injury where Plaintiff suffered "intense pain, vomiting, loss of consciousness, a burning sensation for at least one week, and chemicals burns to the skin on his genitals, buttocks, arms, face, back, legs, and stomach, which caused blisters and peeling skin.") and *Stephenson v. Ellis*, No. 3:11CV455-RV/CJK, 2016 WL 3900780, at *2 (N.D. Fla. May 31, 2016), *Report and Recommendation adopted*, No. 3:11CV455-RV/CJK, 2016 WL 3892447 (N.D. Fla. July 18, 2016) (finding that Plaintiff satisfied § 1997e(e) when he claimed: "intense physical pain, burning sensation in the mucous membranes, involuntary closing of the eyes, gagging, paralysis of the larynx, disorientation, anxiety, and panic … blisters on his neck … burning in and swelling around the eyes, bleary vision…sleep deprivation and physical pain as a result of excessive gas, lying on a steel bunk and cold temperatures … and that he continued to suffer from exposure to gas for at least two weeks including severe skin burns, peeling of the skin, frequent burning of the body, and intense physical pain.").

In the instant case, Plaintiff's allegations that he was blinded temporarily, had elevated blood pressure, experienced burning sensations for 4 days, and had an anxiety attack due to "feeling like I was going to die due to difficulties breathing" are closer to those in *Kornagay*, *Thompson*, *Magwood*, and *Robinson* than to those in *Watson* and *Stephenson*. First, the injuries in *Watson* and *Stephenson* involved structural damage to the skin. In *Watson* it was chemical burns to the skin with

peeling and blistering.  In *Stephenson*, the plaintiff suffered blisters on his neck and

peeling of the skin.  In the instant case, Plaintiff alleges merely a burning sensation

in his skin; he does not allege blisters or peeling skin.  Second, the courts in *Watson*

and *Stephenson* described the injuries and pain as "intense" and "severe."  Plaintiff

did not allege anything similar in his case.  Finally, although Plaintiff alleged in the

instant case that the burning sensations lasted for four (4) days, the plaintiff in

*Kornagay* alleged he suffered "burning lungs and skin, congested breathing, tearing

eyes, nasal discharge, dizziness, the sensation of respiratory distress, choking, and

burns to his scalp" for five (5) days after the incident but was found not to have

suffered more than *de minimis* injury.

For the above reasons, Plaintiff has not satisfied the physical injury

requirement from 42 U.S.C. § 1997e(e) and therefore may not seek compensatory or

punitive damages.  *See Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015).

Also, because he only seeks such damages, and not nominal damages or "any other

relief the Court deems appropriate," [2] his second amended complaint fails to state a

claim for any relief sought by him under the Eighth and Fourteenth Amendments

and the Florida Department of Corrections policies and procedures.

---

[2] Plaintiff's second amended complaint does not contain a request for nominal damages or the default request for "any relief the Court deems appropriate."

C. **Violations of Florida Department of Corrections Policies and Procedures Cannot Be the Basis for Claims Under 42 U.S.C. § 1983**

Additionally, Plaintiff's claims based on alleged violations of the Florida Department of Corrections policies and procedures also fail to state a claim under 42 U.S.C. § 1983 for a separate reason. Plaintiff claims that, after Plaintiff declared a psychological emergency, Defendants failed to follow FDOC's policies and procedures by applying chemical agents without first having Plaintiff's mental health evaluated. ECF Doc. 12 at 6. Plaintiff does not specify the policies and procedures upon which he relies. Regardless, it is well settled that "a violation of a prison regulation without more does not state a constitutional violation." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Edwards v. Johnson*, 209 F.3d 772 (5th Cir. 2000)). "[T]he Supreme court … made clear that mandatory language in state statutes and prison regulations is insufficient to create a protected liberty interest," *Mathews v. Moss*, 506 F. App'x 981, 984, n.3 (11th Cir. 2013). Instead, Plaintiff is required "to show not just a violation of a state statute or regulation, but a violation of a protected liberty interest." *Moulds v. Bullard*, 452, Fed.Appx. 851, 855 n.1 (11th Cir. 2011). Plaintiff fails to make any mention of a violation of a protected liberty interest in his second amended complaint.

Although the Court is required to review a *pro se* plaintiff's complaint liberally, the Plaintiff had two (2) prior opportunities to amend his complaint to state a valid cause of action against the Defendants and has failed to do so.

Case No. 4:19cv83-MW-HTC

## III.   Conclusion

Accordingly, it is respectfully RECOMMENDED:

1.   That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim on which relief may be granted.

2.   That the clerk be directed to close the file.

DONE AND ORDERED this 30th day of May, 2019.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv83-MW-HTC